United States District Court
Southern District of Texas
**ENTERED**
March 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ABEL AMARANTE DE JESUS § <br>     Movant § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § <br>     Respondent § | CIVIL ACTION NO. 7:15-cv-100 <br> CRIMINAL NO. 7:14-cr-0063 |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which motion had been referred to the Magistrate Court for a report and recommendation. On March 6, 2017, the Magistrate Court issued the Report and Recommendation, recommending that Movant's section 2255 Motion be dismissed without prejudice as moot, and that a Certificate of Appealability be denied upon the issuance of this Court's final order. The time for filing objections has passed, and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Movant's section 2255 is **DISMISSED** without prejudice as moot and that Respondent's Motion to Dismiss (Dkt. Entry No. 10) is **DENIED** without prejudice as moot. A Certificate of Appealability is **DENIED**.

IT IS SO **ORDERED.**

DONE at McAllen, Texas, this 21st day of March, 2017.

_____
Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(quoting Fed. R. Civ. P.72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. April 2, 2012).